# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

MARK FOWLER,                                                     CASE NO.: 3:21-CV-00656-BJD-JRK

    Intervenor,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and United Parcel Service, Inc. ("UPS") (together referred to as "the Parties").

## INTRODUCTION

1. The EEOC commenced this action on June 30, 2021, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Mark Fowler ("Mr. Fowler").

2. UPS denies the allegations in the Complaint and denies that it violated the ADA.

3. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, and their respective successors and assigns.

4. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. United Parcel Service, Inc.,* Case No. 21-cv-00656-BJD (M.D. Fla.), and the underlying EEOC charge of discrimination, Charge No. 510-2020-00841.

6. This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8. This Decree does not resolve any charges of discrimination that may be pending with the Commission against UPS other than the Charge referred to in paragraph 5. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against UPS in accordance with standard EEOC procedures.

9. Nothing in this Decree shall be construed to limit or reduce UPS's obligations to

comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, as amended, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

## FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The Court will retain jurisdiction for the duration of this Decree;

   c. No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

   d. The terms of this Decree are adequate, fair, reasonable, equitable, and just;

   e. The rights of Mr. Fowler and the public interest are adequately protected by this Decree; and

   f. The terms of this Decree are and shall be binding upon the present and future successors, heirs and assigns of UPS.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## DURATION OF DECREE

11. This Decree shall be in effect for a period of three (3) years from the Effective Date. The Effective Date is the date the Court signs this Consent Decree.

12. If an enforcement action by the EEOC becomes necessary concerning this Decree and is filed after exhaustion of the Dispute Resolution provisions, then the duration of this Decree shall be extended for a period of time equal to the time that the enforcement action was pending from filing to resolution.

## MONETARY RELIEF

13. UPS shall pay the total sum of **$150,000** in settlement of the claims raised in this action.

14. Payment shall be made within twenty one (21) calendar days following the Court's approval of this Decree.

15. Copies of the checks shall be sent contemporaneously via e-mail to Robert.Weisberg@eeoc.gov and mdoconsentdecreecompliance@eeoc.gov.

16. If UPS fails to timely make the payments described in paragraphs 13-15 above, then UPS shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

## GENERAL INJUNCTIVE PROVISIONS

17. UPS and its officers, managers, supervisors, successors and assigns shall, upon request of a reasonable accommodation based on a disability, engage in the interactive process with applicants and employees in a good faith effort to identify reasonable accommodations.

## EMPLOYEE HOTLINE

18. UPS will maintain an Employee Hotline phone number where employees can make complaints of discrimination. The Employee Hotline number shall be available on the internal webpage for US-based UPS employees.

## RE-INSTATEMENT

19. On May 15, 2023, UPS made an offer of employment to Fowler to work in Jacksonville, Florida on the Preload, and agrees to maintain that offer for thirty (30) days from May 15, 2023.

## JOB APPLICATIONS

20. On its online jobs website, UPS shall maintain a disability accommodation request form that allows applicants to request a reasonable accommodation to complete the online application or interview process, information stating that requests for accommodation for the job itself may be discussed during the interview or at any time following a job offer, and a statement prohibiting discrimination against qualified employees or job applicants with a disability.

## ADA POLICY

21. UPS shall maintain an "ADA Policy" (the "Policy").

22. UPS's Policy shall contain the following provisions:

    a. A specific phone number for employees to contact to request a reasonable accommodation;

    b. A statement that employees may request an accommodation to UPS's HR department, to an HR Representative, or to a manager/supervisor;

    c. A statement that the ADA requires employers to make reasonable accommodations to the known disability of qualified applicants or employees, unless the accommodation would impose an undue hardship on the employer;

    d. A procedure for applicants and employees to request reasonable accommodations that is designed to ensure that each applicant or employee's request will be considered by UPS's HR department;

    e. A written statement that HR is responsible for keeping employees advised of the status of his or her request for accommodation; and

    f. A statement that Union members may also speak to their shop steward regarding requests for accommodation to determine whether to pursue a grievance.

23. Within ten (10) calendar days of the Effective Date, the Policy shall be provided to

the EEOC by email per paragraph 40.

24. Within ten (10) calendar days of the Effective Date, UPS shall certify by email per paragraph 40 that the Policy is visible and maintained on the myHR website.

## TRAINING

25. **Non-Bargaining Unit Training.** UPS shall provide all of its Non-Bargaining Unit Employees (Human Resources personnel, Supervisors, Managers and Directors) located at its Baymeadows, Florida, and Jacksonville, Florida facilities ("Relevant UPS Facilities") with one (1) hour of live training, annually, during the term of this Decree (the "Management Training"). The Parties agree that while the Management Training shall be done on a live basis (all attendees together in a room with HR present), the person giving the training may be presented via video/remote technology.

26. The first Management Training shall take place no later than October 31, 2023. The remainder of the Management Training sessions shall take place annually and no later than the second and third year after the Effective Date, such that the third training takes place before the Consent Decree expires

27. The Management Training shall include the following: (1) an explanation of the prohibitions against disability discrimination; (2) an explanation of the rights and responsibilities of managers and employees under UPS's anti-disability discrimination policies and procedures; (3) an explanation of disability stereotyping and disability-related assumptions; (4) instructions on how to respond to and assess a request for a reasonable accommodation, including their role in the interactive process; (5) guidance on how to address a concern about an applicant's or employee's ability to perform the job due to disability-related concerns; (6) an explanation of their role in conducting an individualized assessment to determine if an applicant can perform the essential

functions of a job; (7) best practices to create an inclusive work environment with regard to applicants and employees with disabilities or perceived disabilities; (8) guidelines and procedures for good workplace investigations (as it relates to HR personnel); and (9) examples and instructions on reasonable accommodations for applicants or employees with disabilities.

28. The Management Training shall be conducted by a Subject Matter Expert mutually agreed upon with the EEOC and unaffiliated with the law firm representing UPS in this litigation.

29. At least two (2) weeks before the Management Training, UPS shall provide to the EEOC by email:

   a. the dates on which training is scheduled;

   b. the name and job title of the person(s) from the agreed upon organization who will conduct the training; and

   c. a resume/CV of the person conducting the training.

Additionally, UPS agrees that the EEOC may, at the EEOC's discretion, attend any training session held pursuant to this Decree.

30. Fourteen (14) calendar days after the Management Training, UPS shall certify compliance with the Management Training by email per paragraph 40 and provide the training information per the Reporting section below. If an individual could not attend the live training, such person may complete the training by watching a recording of the live training.

31. **Bargaining Unit Training.** On a yearly basis, UPS shall conduct three (3) live ten-minute trainings to occur during all regularly-planned or occurring Pre-work Communication Meetings at the Relevant UPS Facilities (the "Employee Training"). The first Employee Trainings shall be completed by October 31; the second and third Employee Trainings shall be completed annually by the second and third year after the Effective Date, such that the third training takes place before the Consent Decree expires.

32. Each year, the first Employee Training shall cover instructions on requesting accommodations and the interactive process; the second Employee Training shall cover an explanation of UPS's anti-disability discrimination Policy and its Hotline; and the third Employee Training shall cover examples of harassment and instructions on what to do under UPS's policies if an employee experiences or witnesses harassment of any kind.

33. The Employee Training shall be conducted by a UPS Manager/Supervisor or HR Representative knowledgeable on the subject areas.

## NOTICE

34. Within ten (10) calendar days from the Court's approval of this Consent Decree, UPS shall post at each Relevant UPS Facility a signed copy of Exhibit A ("Notice") on standard 8.5x11 paper in a conspicuous location, easily accessible to and commonly frequented by UPS employees (*i.e.*, employee bulletin board). The Notice shall remain posted for the entire period this Consent Decree is effective. UPS shall take reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

35. At the first reporting period, described in the Reporting section below, UPS shall certify by email per paragraph 40 to the EEOC that the Notice has been properly physically posted as described in this section.

## REPORTING

36. UPS shall furnish to EEOC a written Report by email per paragraph 40 on the following dates: (1) January 10, 2024; October 10, 2024; (3) July 10, 2025, and (4) April 10, 2026. Each such Report shall contain the following:

> a. A certification that UPS conducted all training required under the Training section above, including the dates of the training, and the start times and end times of each training session;
>
> b. A certification that UPS has made and/or maintained the posting and

    distributions required in the Employee Hotline, Job Applications, ADA Policy, Training, and Notice sections above.

  c. UPS shall disclose reports of complaints of disability discrimination or failure to accommodate, as identified in its system or software of record for its HR and third-party Employee Hotline database, at the Relevant UPS Facilities. Such reports shall include, as available: (1) employee/applicant initials; (2) location where the employee/applicant works/applied and position held/sought; (3) summary of complaint; (4) time spent on the investigation; and (5) resolution. In the event there are no complaints of discrimination on the basis of disability, UPS shall send the EEOC a "negative" report indicating no complaint activity. If EEOC requests the name of the employee/applicant, UPS shall provide such information within seven (7) days.

## AFFIRMATIVE RECRUITING

37. UPS shall work with at least three (3) organizations in the Jacksonville area that assist persons with disabilities to obtain employment to recruit individuals with disabilities by providing notice of job vacancies at UPS to such organizations.

## COMPLIANCE

38. The EEOC may review compliance with this Decree at any time during its duration.

39. If at any time during the duration of this Decree the EEOC reasonably believes that UPS is violating this Decree, the EEOC may conduct appropriate in-person interviews of UPS management and employees and request documents from UPS. In connection with any such interviews, the EEOC shall provide UPS with at least five (5) business days' notice of its intent to conduct interviews by notifying UPS's in-house attorney or its counsel of record in this litigation of the upcoming interviews. After the interviews, the EEOC shall give notice of any alleged violation(s) to UPS. Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in the Dispute Resolution section below.

40. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be emailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: UPS/Fowler Consent Decree," at robert.weisberg@eeoc.gov and

mdoconsentdecreecompliance@eeoc.gov.

## TAX TREATMENT OF SETTLEMENT AMOUNT

41.     EEOC's reporting requirements under IRC Sections 162(f) and 6050X. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

42.     UPS's EIN Number is 58-2480149.

43.     The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is: UPS's Registered Agent, CSC, or UPS's counsel of record for this action, listed below.

44.     No Representations or Reliance. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## NOTIFICATION OF SUCCESSORS

45.     UPS shall provide prior written notice to any potential purchaser of its business and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DISPUTE RESOLUTION

46. In the event that EEOC believes that UPS has failed to comply with any provision(s) of the Decree, EEOC will notify UPS and UPS must make a good faith attempt to cure any breach of the Decree within fifteen (15) calendar days of notification. The Parties may jointly agree to extend the fifteen (15) day cure period. The fifteen (15) days to cure provision of this paragraph shall not apply, however, to the payment required by the Monetary Relief section above.

47. Following the fifteen (15) day cure period, EEOC shall have the right to enforce the Decree and/or remedy any breach in this Court.

48. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's authority to bring an action to enforce the terms of the Decree in this Court.

## NO CONDITIONAL RECEIPT

49. Defendant will not condition the receipt of individual relief set forth in this Decree on Mr. Fowler's to (a) maintain as confidential the terms of this Consent Decree; (b) waive his statutory right to file a charge of discrimination with any federal or state anti-discrimination agency.

## COSTS

50. Each party to this Decree shall bear its own costs associated with this litigation.

SO ORDERED, ADJUDGED AND DECREED, this 13th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _Robert E. Weisberg_   Date: 6/14/23
Robert Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131

FOR DEFENDANT, United Parcel Service, Inc.

By: _Sara Hamilton_   Date: 6/13/2023 | 12:02 PM PDT
Title: In-House counsel

— DocuSigned by: *Sara Hamilton* — 96BB203631CB4B4...

DEFENDANT'S COUNSEL, AS TO FORM:

By: _Nancy Johnson_
Title: Attorney

— DocuSigned by: *Nancy Johnson* — 2F9C7187A17B447...

Nancy A. Johnson, Esquire
Littler Mendelson P.C.
111 North Orange Avenue, Suite 1750
Orlando, Florida 32801
Telephone 407.393.2900
najohnson@littler.com